UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

    JEFFREY J. CISLO,                            Case No. 08-33691-dof
                                                            Chapter 7 Proceeding
                Debtor.                                Hon. Daniel S. Opperman
_____/

## OPINION

This Court entered an Order Granting Fifth Third Bank's Application for Fees on May 28, 2009. This Order determined that Debtor was to pay $910 for attorney fees incurred in the preparation for, and attendance at, a hearing held on April 22, 2009, regarding Fifth Third Bank's Objections to Debtor's Claimed Exemptions. The Order further stated that if the Debtor did not pay $910 to Fifth Third Bank's counsel within five (5) days, then the Debtor's discharge would be automatically denied. The Debtor failed to timely pay the $910, and upon Affidavit filed by Fifth Third Bank attesting to such, this Court entered an Order Denying Debtor's Discharge on June 10, 2009. The Debtor filed a Motion for Relief From Order Denying Discharge on June 11, 2009, and this Court entered an Order on June 19, 2009, allowing Fifth Third Bank to file a response to the Debtor's Motion. The Court conducted a hearing on this matter on July 1, 2009. Counsel for Fifth Third Bank, the Debtor, and the Trustee appeared on July 1, 2009, and argued certain issues regarding the administration of this case. At the conclusion of this hearing, the Court took this matter under advisement.

## Background

The Debtor filed a petition seeking relief under Chapter 7 of the Bankruptcy Code on

1

September 9, 2008. The Debtor's Schedules and Statement of Financial Affairs were not filed with the petition, but were filed on September 26, 2008. It is undisputed that the original Schedules and Statement of Financial Affairs disclose no information whatsoever. Mr. Chimovitz, Debtor's current counsel, attributes this to a computer software issue that he did not realize existed until it was brought to his attention by the Chapter 7 Trustee approximately one month later. The Schedules and Statement of Financial Affairs were amended on January 21, 2009, to reflect that the Debtor had approximately $913,000 of assets and $1,450,000 of liabilities. The Debtor has subsequently amended certain portions of the Schedules.

Both Fifth Third Bank and the Trustee had serious concerns about exemptions claimed in Schedule C and took appropriate action to protect their respective interests. Fifth Third Bank objected to the exemptions claimed by the Debtor, and the Trustee entered into an agreement to allow the Debtor additional time to supply information to the Trustee, as well as extend the deadline for the Trustee to object to exemptions.

The Debtor did not respond to the objections to exemptions claimed by Fifth Third Bank, and Fifth Third Bank properly filed a Certificate of No Response regarding its objections to the Debtor's claimed exemptions. This Court had concerns regarding the exemptions claimed by the Debtor, as well as the objections to those exemptions filed by Fifth Third Bank, and scheduled a hearing to discover the status of this proceeding. On April 22, 2009, the Court heard arguments from Fifth Third Bank and the Debtor with regard to the Debtor's claim of exemptions. The Debtor requested additional time to amend his exemptions and other Schedules. The Court granted that request, but conditioned the right to amend these Schedules upon the payment of attorney fees incurred by Fifth Third Bank with regard to preparing for and attending the April 22, 2009, hearing.

Upon the Court's review of the April 22, 2009, hearing, the Court notes that the issue of the denial of the Debtor's discharge did not come up during oral argument and certainly not during the opinion of the Court.

Since Fifth Third Bank's counsel was uncertain of the amount of the attorney fees, which is understandable under the circumstances, the Court allowed Fifth Third Bank the right to calculate those attorney fees and costs and file an appropriate pleading detailing those costs. Fifth Third Bank did exactly that, and this Court determined that the amount of $910 was the appropriate amount. The May 28, 2009, Order resulted.

Upon review of the docket, the Court notes that the Trustee has requested documents from the Debtor that one would normally think would be in the possession of the Debtor. The Debtor has not produced these documents, and at the July 1, 2009, hearing indicated that the Debtor has been released from various limited liability companies and other entities controlled by his family and is unable to obtain the documents one would normally expect to be available to the Debtor. Debtor's counsel also indicated on July 1, 2009, that the Debtor has an alcohol affliction and has sought not only medical treatment for that affliction, but has been incarcerated for various criminal acts related to that affliction.

In particular, the Court notes that there is an order dated March 4, 2009, which requires the Debtor to turn over certain documents, and that the Debtor has apparently failed to turn over those documents, as recited in a subsequent Order finding the Debtor in contempt dated May 21, 2009. The May 21, 2009, Order of this Court also required the Debtor to produce documents by July 31, 2009, and, if need be, show cause at a hearing on August 12, 2009, why more serious sanctions should not be considered and imposed by this Court.

As stated by Trustee's counsel at the July 1, 2009, hearing, the Debtor has produced some

documents, but many documents still remain unproduced. This has caused the Trustee difficulty in administering this Chapter 7 estate. This is particularly troublesome because the Trustee believes that there may be certain preferences and possibly fraudulent conveyances that should be investigated and prosecuted by the Trustee.

Analysis

The Court initially treated Debtor's Motion as a motion for reconsideration pursuant to E.D. Mich. LBR 9024-1. The Debtor expanded upon this Motion at the July 1, 2009, hearing to include arguments that the May 28, 2009, Order and June 10, 2009, Order were inappropriately entered.

At the July 1, 2009, hearing, Fifth Third Bank's counsel strenuously argued that the denial of a discharge is appropriate for the failure of the Debtor to cooperate with the Trustee, citing cases such as *Mitan v. Taunt (In re Mitan)*, Case No. 06-15114, 2007 WL 1424225 (E.D. Mich. May 10, 2007) and *Solomon v. Barman (In re Barman)*, 237 B.R. 342 (Bankr. E.D. Mich. 1999). Fifth Third Bank's counsel is absolutely correct that such grounds are sufficient to deny a debtor a discharge. In this case, however, the Court is not presently satisfied that the Debtor has been afforded his due process rights in regard to this issue. In this case, the original issue was objections to exemptions claimed by the Debtor. The April 22, 2009, hearing was clearly related to the propriety of these exemptions and the need for the Debtor to amend the exemptions further. While the Court notes that there is a substantial amount of activity between and among Fifth Third Bank, the Debtor, and the Trustee regarding documents that the Debtor should deliver to Fifth Third Bank and the Trustee, it is improper at this time to escalate the penalty imposed upon the Debtor for the failure to cooperate with either Fifth Third Bank or the Trustee. In particular, the *Mitan* and *Barman* cases cited by Fifth Third Bank were in the setting of adversary proceedings, which have already been filed in this case. Since the issue of a denial of discharge was not addressed at the April 22, 2009, hearing, the Court

4

holds that it was inappropriate to include that language in the May 28, 2009, and June 10, 2009, Orders of this Court.

That being said, the Court notes that the Debtor is flirting dangerously close to not receiving a discharge. While the Court understands the challenges facing the Debtor due to his alcoholism and separation from his family, these elements alone do not excuse the Debtor from his duties. As represented by Debtor's counsel on July 1, 2009, the Debtor and Debtor's counsel will redouble their efforts to get these documents to the Trustee. The Court urges, to the strongest possible degree, that the Debtor do exactly that.

As previously indicated, the Court notes that the Debtor has until July 31, 2009, to produce certain documents and must appear on August 12, 2009, to show cause why more serious sanctions should not be considered and imposed by this Court if these documents are not produced. Since the Court is not satisfied that the denial of the Debtor's discharge is appropriate at this time, the Court conditionally grants the Debtor's Motion for Relief From Order Denying Discharge, but requires the Debtor to pay the $910 originally ordered to counsel for Fifth Third Bank within seven (7) days of today. The Court also will require Fifth Third Bank to file an application for fees and costs incurred as a result of the Debtor's instant Motion within twenty-one (21) days from today and then allow the Debtor fourteen (14) days to review and object to that application. The Court also continues the hearing on the Debtor's Motion for Relief to ***August 12, 2009, at 11:00 a.m. in the U.S. Bankruptcy Courtroom, 226 West Second Street, Flint, Michigan 48502***.

The Court will enter an appropriate order.

**Signed on August 11, 2009**

                                          **/s/ Daniel S. Opperman**
                                          **Daniel S. Opperman**
                                          **United States Bankruptcy Judge**