UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION - FLINT

IN RE:

JEFFREY J. CISLO,　　　　　　　　　　　　Case No. 08-33691-dof
　　　　　　　　　　　　　　　　　　　　　Chapter 7 Proceeding
　　　Debtor.　　　　　　　　　　　　　　Hon. Daniel S. Opperman
_____/

## OPINION DENYING DEBTOR'S MOTION FOR ORDER OF DISCHARGE

### Findings of Fact

The Debtor, Jeffrey J. Cislo, requests that this Court set aside the September 16, 2009, Order Denying Discharge of Debtor in his Chapter 7 case. In support of his Motion, the Debtor states that he was hospitalized, in treatment, or incarcerated during much of the duration of his Chapter 7 case. The Debtor also claims that he provided all documents that he was personally requested to produce and was unaware that the Trustee had requested additional documents. The Debtor also states that he was not aware that he was denied a discharge or that he was required to file additional documents with the Trustee. Further, the Debtor states that he was advised by his previous counsel that his appearance was not required for certain hearings, but that he was available to attend these hearings. Finally, the Debtor states that he has the necessary information and documents for the Trustee and, in his opinion, this additional information and documents would not have yielded a greater dividend to unsecured creditors than that already received by those creditors. The United States Trustee filed a response to the Debtor's Motion and the Court conducted a hearing on this Motion on August 8, 2012. The Court heard oral argument from Debtor's counsel, the United States Trustee, and counsel for Sova Enterprises, LLC, a creditor that filed a late response and appeared at the August 8, 2012, hearing. By agreement of counsel, the statements of fact made by the Debtor in his Motion and by

1

his counsel at the August 8, 2012, hearing may be accepted as true by the Court. After hearing arguments of counsel, the Court took this matter under advisement.

In the interim, the Court has carefully reviewed the pleadings filed in connection with the instant Motion, as well as the previously filed pleadings and the docket of this Court. For a complete understanding of this case, a recitation of the facts leading up to the denial of the Debtor's discharge in September of 2009 is appropriate.

The Debtor filed his voluntary petition seeking relief under Chapter 7 of the Bankruptcy Code on September 9, 2008. The Debtor's Schedules, Statement of Financial Affairs, and Summary of Schedules were not filed with his petition, and were due September 24, 2008. These documents were filed on September 26, 2008, two days after the deadline. The Debtor's first meeting of creditors was initially scheduled for October 20, 2008. The first meeting of creditors was continued to November 3, 2008, and subsequently continued again to November 24, 2008. The Trustee was able to conclude the Debtor's first meeting of creditors on November 24, 2008. Less than one month later, on December 19, 2008, Fifth Third Bank filed an adversary proceeding objecting to the discharge of the Debtor. Within one month of conclusion of the first meeting of creditors, on December 22, 2008, the Chapter 7 Trustee, Collene Corcoran, likewise filed an Objection to the Debtor's discharge.

The Debtor amended his Statement of Financial Affairs, as well as various Schedules on January 21, 2009. The documents were amended again on February 6, 2009. On March 4, 2009, the Debtor and the Trustee entered into a Stipulation compelling the Debtor to turn over certain documents, and this Court signed an Order pursuant to that Stipulation on the same day. A few days later, on March 6, 2009, Fifth Third Bank filed an objection to the Debtor's claim of exemptions.

2

The Court conducted a hearing on the Objections of Fifth Third Bank to the Debtor's exemptions on April 22, 2009. Counsel for the Debtor appeared and explained the difficulties the Debtor was having. At that hearing, the Court allowed the Debtor additional time to produce the required documents, but also assessed attorney fees incurred by Fifth Third Bank in the amount of $910.00. The Court also ordered that the Debtor's discharge would be denied if the Debtor did not comply with previous Orders of the Court, including the payment of the amount owed by the Debtor to Fifth Third Bank.

On April 22, 2009, the Trustee filed a Motion to Hold Debtor In Contempt for Failure to Comply with the Court's Order to Produce Requested Documents dated March 4, 2009. The Court entered an Order Granting Trustee's Motion to Hold Debtor in Contempt on May 21, 2009. This Order states, in pertinent part:

> **IT IS HEREBY ORDERED** that the Debtor is in contempt of this Court's Order entered March 4, 2009 ("Order").
>
> **IT IS FURTHER ORDERED** that if the Debtor fails to produce the documents/information listed in paragraph 4 of the Motion to the Trustee within 10 days of the entry of this Order, then Debtor shall be sanctioned the sum of $25.00 per day for each day after the 10-day period until he has produced the requested documents/information.
>
> **IT IS FURTHER ORDERED** that Debtor shall pay to his bankruptcy estate the sum of $500.00 as sanctions for his failure to comply with the Order.
>
> **IT IS FURTHER ORDERED** that in the event the Debtor does not produce the documents/information described in this Order by JULY 31, 2009, then the Debtor and his counsel shall appear August 12, 2009, at 9:30 a.m. to show cause why more serious sanctions should not be considered and imposed by this Court.

On June 10, 2009, the Court entered an Order Denying Debtor's Discharge for the failure to comply with the Order of the Court to pay the attorney fees incurred by Fifth Third Bank in the

3

amount of $910.00. On June 11, 2009, the Debtor filed a Motion for Reconsideration and the Court set a hearing on the Debtor's Motion via an Order dated June 19, 2009. The Court conditionally granted the Debtor's Motion for Reconsideration on July 17, 2009. The Court set aside the previous June 10, 2009, Order because it was not satisfied that the Debtor was afforded his due process rights in regard to this discharge. As stated by the Court in its July 17, 2009, Opinion:

> That being said, the Court notes that the Debtor is flirting dangerously close to not receiving a discharge. While the Court understands the challenges facing the Debtor due to his alcoholism and separation from his family, these elements alone do not excuse the Debtor from his duties. As represented by Debtor's counsel on July 1, 2009, the Debtor and Debtor's counsel will redouble their efforts to get these documents to the Trustee. The Court urges, to the strongest possible degree, that the Debtor do exactly that.
>
> As previously indicated, the Court notes that the Debtor has until July 31, 2009, to produce certain documents and must appear on August 12, 2009, to show cause why more serious sanctions should not be considered and imposed by this Court if these documents are not produced. Since the Court is not satisfied that the denial of the Debtor's discharge is appropriate at this time, the Court conditionally grants the Debtor's Motion for Relief From Order Denying Discharge, but requires the Debtor to pay the $910 originally ordered to counsel for Fifth Third Bank within seven (7) days of today. The Court also will require Fifth Third Bank to file an application for fees and costs incurred as a result of the Debtor's instant Motion within twenty-one (21) days from today and then allow the Debtor fourteen (14) days to review and object to that application. The Court also continues the hearing on the Debtor's Motion for Relief to ***August 12, 2009, at 11:00 a.m. in the U.S. Bankruptcy Courtroom, 226 West Second Street, Flint, Michigan 48502***.

On August 12, 2009, the Court conducted a hearing and heard arguments of counsel. On that date, counsel for the Debtor agreed that the Debtor needed to produce certain documents and that deadlines, with ramifications, needed to be set. To that end, the Court entered an Order dated August 13, 2009, which states in pertinent part:

> **IT IS HEREBY ORDERED** that the Debtor shall produce the following documents to Trustee's counsel, Kevin Smith, at 445 S. Livernois, Suite 305, Rochester Hills, MI 48307 or by email at ksmith@bbssplc.com no later than

4

September 2, 2009 at 5:00 p.m.:

   A.   Fifth Third monthly bank account statements, register and copies of deposits for 2007 and 2008; register for all Morgan Stanley accounts and copies of deposits for 2007 and 2008; bank statements, register and copies of deposits for the Scudder account covering 2007 and 2008 and any other bank accounts the Debtor has or had an interest in 2007 and 2008 including any account held by a trust in which the Debtor was the grantor or is a beneficiary;

   B.   List of assets and all liabilities for each business in which the Debtor has an ownership interest and any trust;

   C.   Copies of all documents evidencing the sale or transfer of any assets of the Debtor within the 6 years prior to filing of bankruptcy including but not limited to the sale of the Debtor's interest in Cislo Title and transfers over $500.00 to insiders;

   D.   Copies of 2006 and 2007 federal and state tax returns for all businesses, partnerships, corporations, LLCs and any other businesses in which the Debtor had an ownership interest within two years of the Petition Date;

   E.   For all businesses currently owned by Debtor or in which Debtor has an ownership interest in, produce the following: Copies of all profit and loss statements for 2006 and 2007; balance sheets for 2006 and 2007, articles of incorporation, partnership agreements, stock certificates and corporate minute records with the exception of Cislo Title Company.

**IT IS FURTHER ORDERED** further ordered that the Debtor shall turnover to the Trustee 2006 and 2007 profit and loss statements and balance sheets for Cislo Title Company on or before September 9, 2009 at 5:00 p.m.

**IT IS FURTHER ORDERED** that Debtor shall pay to Collene K. Corcoran, Trustee the sum of $500.00 previously awarded by this Court in its May 21, 2009 Order on or before September 9, 2009 at 5:00 p.m.

**IT IS FURTHER ORDERED** that if the Debtor fails to strictly comply with the provisions of this Order as set forth above, the Debtor's Discharge is denied pursuant to 11 U.S.C. §727(a)(6)(A) upon the filing of an Affidavit of Non-Compliance with this Order by the Trustee or the attorney for the Trustee.

On September 3, 2009, counsel for the Trustee filed an Affidavit of Non-Compliance and Request for Order Denying Discharge of Debtor. Counsel for the Debtor filed an Affidavit in opposition to the request of the Trustee on September 4, 2009, and this Court set a hearing regarding this issue. On September 15, 2009, the Trustee filed an Amended Affidavit stating the status of the Debtor's lack of compliance and renewing the request to deny the Debtor a discharge. The Court conducted the hearing regarding the Trustee's Affidavit & Request for Order Denying Discharge of Debtor and Debtor's Affidavit in Response on September 16, 2009, and entered an Order Denying Discharge of Debtor on the same day. The Debtor filed the instant Motion for Discharge on May 20, 2012.

Statement of Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157, 28 U.S.C. § 1334 and E.D. Mich. LR 83.50. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(J) (objections to discharge), as well as (A) (matters concerning the administration of the estate).

Analysis

Fed. R. Civ. P. 60(b)(5) and (6) made applicable through Fed. R. Bankr. P. 9024 states:

> "On motion and just terms, the Court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: . . . (5) the judgment has been satisfied, released, or discharged; is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief."

The Sixth Circuit directs this Court to apply Rule 60(b)(6) only "in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the rule." *Hopper v. Euclid Manor Nursing Home, Inc.*, 867 F.2d 291, 294 (6th Cir. 1989). Rule 60(b)(6) may be employed as a means to achieve substantial justice when something more than one of the grounds

6

continued in the Rule 60(b)'s first five clauses are present. *Id.* at 294. The Court must also keep in mind that the public policy of favoring finality of judgments limits the availability of relief under Rule 60(b), especially in the application of 60(b)(6). *GEM Corp., Inc. v. Olin Corp.*, 477 F.3d 368 (6th Cir. 2007).

The Court analyzes the Debtor's request under both subsections (5) and (6). In essence, the Debtor seeks equitable relief from this Court, either directly under Rule 60(b)(5) or indirectly under Rule 60(b)(6).

Under either scenario, the Court does not see that equity balances in favor of the Debtor's request. First, the Debtor was given numerous opportunities to comply with the various requests of the Trustee, many of which were made informally and cannot officially be noted in the Court docket other than by reference to the Motions filed by the Trustee and Fifth Third Bank, and statements made by counsel for each during the oral arguments. Second, even if such informal requests had not been made, the Court allowed the Debtor ample opportunity to respond to the Trustee's requests and gave written notice to the Debtor of his need to comply with certain requests in the form of written Court Orders. The Court also granted the Debtor's Motion for Reconsideration because it appeared to the Court that the Debtor may not have been given all of his due process rights when his discharge was initially denied. In doing so, the Court also, via an Order, gave the Debtor specific detailed descriptions of the documents necessary, coupled with a deadline for the production of these documents, as well as the clear statement of the implications if the Debtor did not timely perform.

The instant Motion does not specifically address the Debtor's non-response during the first year of his bankruptcy. As indicated in this Opinion, the Court was aware of the Debtor's serious

7

afflictions and family challenges, and gave the Debtor latitude in recognition of those challenges. The Debtor has not demonstrated to this Court that his request for relief, almost three years after being denied a discharge, should be granted at this time.

In making this decision, the Court is fully cognizant that the Debtor, who appeared in Court on August 8, 2012, appears to be doing all that he can do to improve his life and make amends for previous actions or inactions. The Court fully credits the Debtor with attempting to improve his life, and commends him for reaching a resolution with one of his major creditors, Fifth Third Bank, as described by his counsel on August 8, 2012.

That being noted, the Court is also mindful of the thousands of Chapter 7 debtors who seek the exact same relief sought by the Debtor in this case, and are able to comply with the request of the Trustee and the creditors of those debtors, even though those debtors are challenged, or more challenged, than the Debtor was or is in this case. Those debtors, with the exception of a handful on an annual basis, are able to comply with the requests of the Trustee and creditors, and fulfill their obligations as mandated by Congress. Taken as a whole, equity requires this Court to consider the impact of the granting of the relief requested by the Debtor in this case on the Court system, as well as the impact on those who do comply with the Orders of this Court. After weighing all of those factors, the Debtor simply asks too much of this Court in his request for relief from the September 16, 2009, Order. Finally, the Court notes that there are other avenues available to the Debtor to achieve the same result that he wishes other than having this Court grant him relief of an Order that is approximately three years old.

## Conclusion

The Court concludes that equity does not require this Court to set aside the September 16, 2009, Order of this Court. The Debtor's Motion is denied.

8

**Signed on September 14, 2012**

                                                    **/s/ Daniel S. Opperman**
                                                    **Daniel S. Opperman**
                                                    **United States Bankruptcy Judge**